UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 1:17-cv-847 |
| v. | ) |
| **Ionic Holdings, L.L.C.,** a Michigan limited liability company | ) Judge |
| and, | ) |
| **TRIA COMPANY LLC,** a Michigan limited liability company | ) |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendants, Ionic Holdings, L.L.C., a Michigan limited liability company, and Tria Company, LLC, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42

      U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendants' property and business operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Upon information and belief, Ionic Holdings, L.L.C. owns the real estate and Tria Company, LLC operates a business in that real estate as a place of public accommodation, a commercial property which operates as a Burger King restaurant, located at 396 E Chicago St, Coldwater, MI 49036 in Branch County. Plaintiff has patronized Defendants' property previously as a place of public accommodation.

6. Upon information and belief, the restaurant and facilities owned and operated by Defendant is non-compliant with the remedial provisions of the ADA. As Defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104,

      Defendants are responsible for complying with the obligations of the ADA. Defendants' facility as a restaurant, which constitutes a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited and been a bona fide customer of the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Mr. Foster visits and spends several weekends each summer with friends who own a lake property in Coldwater, Michigan. Mr. Foster is also an avid adaptive sports enthusiast and participates regularly in adaptive water skiing as well as fishing at the area's many lakes with other enthusiasts in the community. Leland Foster frequents many establishments in the County of Branch and has visited and been a customer at the Defendants' restaurant, Burger King, a fast food establishment, which forms the basis of this lawsuit, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

9. On or about July 31, 2017, Mr. Foster patronized the Defendants' property and restaurant, and while at Defendants' place of public accommodation, Mr. Foster encountered architectural barriers at the subject property that contravene the ADA and its

regulations. These barriers to access have endangered his safety and protected access to Defendants' place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in

violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the restaurant owned and/or operated by Defendants has shown that many violations of the ADA exist, whose remedy is readily achievable. These violations include, but are not limited to:

**Parking and Accessible Routes:**

A. There are an insufficient number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

B. There is no signage to designate a van accessible parking space, in violation of the ADA whose remedy is readily achievable.

C. The designated accessible parking spaces are not maintained properly, evidenced by faded paint and cracks and changes in level in excess of ¼ inch, in violation of the ADA whose remedy is readily achievable.

D. There is no accessible route from this facility to public transportation stops or public streets and sidewalks, in violation of the ADA whose remedy is readily achievable.

E. There are cracks and changes in level in excess of ¼ inch along the accessible route to the

restaurant, in violation of the ADA whose remedy is readily achievable.

**Restrooms:**

F. There are missing or non-compliant grab bars around the water closet in the men's designated accessible restroom, in violation the ADA whose remedy is readily achievable.

G. The lavatory in the men's restroom contains drain pipes not insulated to protect for scalding or contact, in violation of the ADA whose remedy is readily achievable.

H. The toilet compartment door in the men's restroom does not automatically close, in violation of the ADA whose remedy is readily achievable.

I. The signage on the men's restroom does not comply with the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

J. The urinal in the men's restroom is mounted in excess of the required height, in violation of the ADA whose remedy is readily achievable.

K. Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

**Policies and Procedures**

L. The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

15. The discriminatory violations described in Paragraph 14 by Defendant are not an exclusive list of the ADA violations at the place of public accommodation owned and operated by the Defendants. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure *all* of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as

requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The facility at issue, as owned or operated by Ionic Holdings, L.L.C. and Tria Compay, LLC, is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction

requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301** *et seq***.**

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. Defendants' property and restaurant is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendants have committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of their goods, services, accommodations, advantages, facilities, or privileges.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and applicable damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

/s/ Valerie J. Fatica
Valerie J. Fatica (0083812)*
4334 W. Central Ave., Ste. 222
Toledo, OH 43615
Phone: (419) 654-1622
Email: valeriefatica@gmail.com
*Admitted to practice in the Western District of Michigan